UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        CIVIL ACTION NO. 10-11135

        v.                               DISTRICT JUDGE STEPHEN J. MURPHY III

CATHY L. RICE,                 MAGISTRATE JUDGE MARK A. RANDON

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (DKT. NO. 13)**

This is a debt collection action. Plaintiff, the United States of America ("Plaintiff"), moves for summary judgment against Defendant, Cathy Rice ("Defendant"), in the amount of $195,493.97 (plus prejudgment interest and costs) arising from Defendant's defaulted student loan obligation. The matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). On September 22, 2010, Defendant was ordered to respond to Plaintiff's motion for summary judgment (Dkt. No. 14). Defendant did not respond to the motion or appear for oral argument. For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion be **GRANTED** and a judgment enter against Defendant.

**I.    FACTS**

On or about March 12, 2001, Defendant signed a promissory note to borrow $112,851.21 to secure a debt consolidation loan from the United States Department of Education ("the Department")(Dkt. No. 13, Ex. 1). The loan was made by the Department under the William D. Ford Federal Direct Loan Program (34 C.F.R. §685.100) under Title IV, Part D of the Higher Education

Act of 1965, as amended, 20 U.S.C. §1087a *et seq*. Plaintiff alleges that, on or about January 3, 2002, Defendant defaulted on this student loan obligation and her account was assigned to the Department for collection.

Plaintiff alleges that, as a result of accruing interest and lack of payment in full, $180,342.54 was owed to the United States as of January 23, 2009 (Dkt. No. 13, Ex. 2); interest is accruing on the unpaid portion of the student loan at the rate of 8.25% and a per diem rate of $25.49; and the current balance is $195,493.97, as of September 9, 2010.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3rd Cir. 2006). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." *Id.* Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of proof at trial, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. If the moving party can make such a showing, then the burden shifts to the nonmoving party to present evidence that a genuine fact issue exists and a trial is necessary. *Id.* at 324. In meeting its burden, the non-moving party must offer specific facts that establish a material dispute, not simply create

"some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In deciding whether an issue of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. The Court's function, however, is not to weigh the evidence and rule on the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there are no issues that require a trial, then judgment as a matter of law is appropriate. *Id.* at 251-52.

### B. Defendant has Failed to Rebut Plaintiff's *Prima Facie* Case

In order to recover on a promissory note, the Sixth Circuit first requires that the government make a *prima facie* showing that (1) the defendant signed it, (2) the government is the present owner or holder of the note and (3) the note is in default. *U.S. v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009). Once the government has established a *prima facie* case, "defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Id*.

Plaintiff attached to its motion: (1) the promissory note purportedly signed by Defendant, and (2) a certificate of indebtedness. Defendant has not attempted to dispute or rebut the government's *prima facie* showing, and Plaintiff's motion must, therefore, be granted.

### III. CONCLUSION

For the foregoing reasons it is **RECOMMENDED** that Plaintiff's motion for summary judgment (Dkt. No. 13) be **GRANTED** and a judgment enter against Defendant in the amount of $195,493.97, plus prejudgment interest and costs.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: February 7, 2011

*Certificate of Service*

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 7, 2011, by electronic and/or ordinary mail.

*Copy mailed to:*
**Cathy L. Rice**
**6629 Fieldstone Court**
**West Bloomfield, MI 48322**

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*